IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES R. MORRIS, et al.,

                Plaintiff,

v.                                        CIVIL ACTION NO. 2:11-cv-00170

MAXIM CRANE WORKS, L.P., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand the Case for Lack of Subject Matter Jurisdiction [Docket 6]. For the following reasons, this Motion is **GRANTED**.

**I.    Background**

The pending motion requires only a brief recitation of the facts. The plaintiff, James Morris, was employed by the defendant, Maxim Crane Works, L.P. ("Maxim"), for several years before he was terminated on August 20, 2010. The plaintiff alleges that he was fired because of his age and his disability.

On February 16, 2011, the plaintiff filed a Complaint in the Circuit Court of Kanawha County alleging claims against Maxim and Jon Asbury, a Maxim employee. The Complaint contains four state law claims against Maxim and contains one claim against Mr. Asbury for civil conspiracy. The Complaint alleges that "[d]efendant Jon Asbury engaged in a concerted action

with Defendant Maxim and one or more of its employees to accomplish the wrongful and unlawful objective of discriminating against Mr. Morris on the basis of a non-job related disability and on the basis of his age." (Compl. ¶ 26.) The Complaint further alleges that after Maxim fired the plaintiff, Maxim assigned the plaintiff's job responsibilities to Mr. Asbury.

On March 16, 2011, the defendants removed the case to this court pursuant to 28 U.S.C. § 1441 on the grounds of complete diversity between the parties under 28 U.S.C. § 1332. The defendants allege that while both the plaintiff and the defendant, Jon Asbury, are citizens of West Virginia, Mr. Asbury's citizenship should be disregarded for the purposes of jurisdiction because he was fraudulently joined as a party to the litigation. The plaintiff moved to remand the action to the Circuit Court of Kanawha County on the grounds that this court lacks subject-matter jurisdiction over the action due to the lack of complete diversity between the parties.

## II.     Fraudulent Joinder Standard

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal

jurisdiction implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. AT & T Mobility LLC*, 552 F.3d 327, 336 (4th Cir. 2008).

When a party alleges fraudulent joinder as the basis for removal, the party bears an especially heavy burden. Under the Fourth Circuit's the well-settled fraudulent joinder standard:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (internal quotation marks omitted). The applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss[.]" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Indeed, once the court identifies a mere "glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426. This approach emphasizes the limited nature of a district court's jurisdictional inquiry, as stated by the Fourth Circuit:

> [A] jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . various uncertain questions of law and fact. Allowing joinder of the public defendants is proper . . . because courts should minimize threshold litigation over jurisdiction. Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties [as] joined . . . unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.* at 425-26.

**III.     Analysis**

The defendants contend that Mr. Asbury was fraudulently joined because there is no possibility of a claim against Mr. Asbury for civil conspiracy because Mr. Asbury did not participate in the decision to terminate the plaintiff or otherwise contribute to the plaintiff being fired.  The plaintiff maintains that he has a valid conspiracy claim against Mr. Asbury and contends that under West Virginia law, he need only establish that Mr. Asbury "shared in a common plan or engaged in a concerted action with Maxim," not that Mr. Asbury committed any independent tort or statutory violation.  (Pl.'s Mot. To Remand at 4.)

As discussed above, the standard for determining fraudulent joinder is more lenient than the standard for a motion to dismiss; a plaintiff is only required to establish a "glimmer of hope" of recovery against a defendant.  Resolving all questions of law and fact in favor of the plaintiff, the court is unable to conclude that there is "no possibility" that the plaintiff will be unable to establish a civil conspiracy claim against Jon Asbury.  Even if the plaintiff's support for his claim is minimal, the plaintiff has still established the "glimmer of hope" of a claim required to defeat an allegation of fraudulent joinder.  Accordingly, I **FIND** that the defendants have failed to establish that Jon Asbury was fraudulently joined.

The complete diversity requirement of 28 U.S.C. § 1332 is only satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  Because both the plaintiff and a defendant are citizens of this state, the complete diversity requirement is not satisfied.  Accordingly, the plaintiff's Motion to Remand is **GRANTED**.

## IV.  Conclusions

For the foregoing reasons, the plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Docket 6] is **GRANTED**. I **ORDER** that this case be remanded for all further proceedings to the Circuit Court of Kanawha County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

        ENTER:    April 29, 2011

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge